**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN GAMOTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-01781 JLT GSA (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 5) |

　　　　Benjamin Gamoton initiated this action by filing a complaint on December 29, 2023. (Doc. 1.) However, Plaintiff did not file an application to proceed *in formal pauperis* or pay the filing fee. Therefore, the Court ordered Plaintiff to either apply to proceed IFP or pay the Court's filing fee. (Doc. 3.) The Postal Service returned the order as "Undeliverable, RTS, Not deliverable as addressed, Unable to forward, Not in custody" on January 10, 2024.

　　　　The magistrate judge found Plaintiff failed to comply with the Court's order, and noted "[i]t is Plaintiff's responsibility to keep the Court apprised of his current address at all times." (Doc. 5 at 1.) The magistrate judge recommended the "action be dismissed without prejudice for failure to obey a court order." (*Id.* at 2, citing Fed. R. Civ. P. 41(b), Local Rule 110.) The Court served the Findings and Recommendations on Plaintiff at the only address on record. The Postal Service returned the document as "Undeliverable, Not in Custody" on April 3, 2024. To date, Plaintiff has not filed a notice of change of address or communicated with the Court.

1    According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this
2    case. Notably, the docket indicates Plaintiff did not receive the orders that the magistrate judge
3    determined he did not comply with, and which form the basis for the dismissal recommendation.
4    In addition, the magistrate judge did not offer any analysis related to the propriety of terminating
5    sanctions for failure to obey a court order, as required for dismissal under Rule 41(b). *See, e.g.,*
6    *Malone v. U.S. Postal Service*, 833 F.2d 128, 131-132 (9th Cir. 1987) ("The district court abuses
7    its discretion if it imposes a sanction of dismissal without first considering the impact of the
8    sanction and the adequacy of less drastic sanctions." [citation omitted].) For this reason, the
9    Court declines to adopt the recommendation of dismissal "for failure to obey a court order."
10   Nevertheless, as the magistrate judge observed, Plaintiff is obligated to keep the Court
11   informed of a proper mailing address pursuant to Local Rule 183(b), which provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

16   *Id.* Because more than 63 days have passed since the Postal Service returned the Court's mail for
17   the first time on January 10, 2024, Plaintiff failed to comply with Local Rule 183(b). Thus, "the
18   Court may dismiss the action without prejudice for failure to prosecute." *Id.*; *see also Henderson*
19   *v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and
20   comply with local rules of court); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal
21   for failure to comply with local rules);
22   To determine whether to dismiss an action for failure to prosecute, the Court must
23   consider several factors, including: "(1) the public's interest in expeditious resolution of
24   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
25   the public policy favoring disposition of cases on their merits; and (5) the availability of less
26   drastic sanctions." *Henderson*, 779 F.2d at 1424; *see also Ferdik v. Bonzelet*, 963 F.2d 1258,
27   1260-61 (9th Cir. 1992) (identifying the same factors).
28   In this matter, the public's interest in expeditiously resolving the litigation and the Court's

interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon the failure to prosecute in a timely manner and communicate with the Court. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Thus, these factors weigh in favor of dismissal of the action.

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff did not take any action to prosecute this action after filing the complaint, causing unreasonable delays to the Court.

The Court notes that the Ninth Circuit indicated it is an abuse of discretion to dismiss "without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, no lesser sanction is feasible due to the Court's inability to communicate with Plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

Finally, the policy favoring disposition of cases on their merits is outweighed by the other factors that favor dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors"). Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated March 22, 2024 (Doc. 5) are **ADOPTED IN PART**.
2. This action is **DISMISSED** without prejudice, for Plaintiff's failure to comply with Local Rule 183 and failure to prosecute the action.
3. The Clerk of Court is directed to close the action.

IT IS SO ORDERED.

Dated:   **April 19, 2024**

_____
UNITED STATES DISTRICT JUDGE

4